IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FREDERICK BAILEY, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:24-CV-173 (CDL) |
| THE GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION, *et al.*, | * |
| Defendants. | * |
| | * |

O R D E R

Frederick Bailey was a pretrial detainee at the Muscogee County Jail pursuant to a lawful detention order. On July 28, 2022, a superior court judge issued an order that entitled Bailey to be released from jail that day. Bailey alleges that Defendants, including Georgia Department of Community Supervision Officers Qynaya Alford and Amylynn Headley, intentionally failed to file his release paperwork and caused Bailey to be held in the jail for nearly three extra weeks. Bailey asserts claims against the Department of Community Supervision, Alford, and Headley under 42 U.S.C. § 1983 and state law. Those Defendants filed a motion for judgment on the pleadings. As discussed in more detail below, that motion (ECF No. 12) is granted in part and denied in part. The Court dismisses all claims against the Department of Community Supervision. The Court also dismisses all claims against Alford

and Headley except for Bailey's § 1983 Fourteenth Amendment claim against them in their individual capacities.

## JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## FACTUAL ALLEGATIONS

Frederick Bailey was detained in the Muscogee County Jail pursuant to a lawful order that authorized Bailey's pretrial detention. On July 27, 2022, the District Attorney dismissed the criminal warrants on which Bailey was held, including a probation arrest warrant. The next day, Georgia Department of Community

2

Supervision Officer Qynaya Alford presented the presiding superior court judge with a proposed order for Bailey to be returned to probation. The superior court judge signed the proposed order on July 28, 2022, and Bailey was legally entitled to be released that day. The order was not electronically filed on the docket until Georgia Department of Community Supervision Officer Amylynn Headley electronically filed it on August 9, 2022. Bailey was not released from the jail until August 16, 2022. Bailey asserts that Alford and Headley knew that he was entitled to be released from jail on July 28, 2022 but intentionally delayed processing his release paperwork, causing him to remain incarcerated without a lawful detention order from July 28, 2022 to August 16, 2022. Bailey asserts claims against Alford, Headley, and the Georgia Department of Community Supervision (collectively, "DCS Defendants") under 42 U.S.C. § 1983 and Georgia law.

## DISCUSSION

The DCS Defendants argue that they are immune from suit on all of Bailey's claims and that Bailey fails to state a claim against them. Bailey acknowledges that his state law false imprisonment claim should be dismissed, so the Court dismisses that claim. The Court addresses the remaining claims in turn.

**I.   Bailey's State Law Claims Against the DCS Defendants**

Bailey asserts state law claims against the DCS Defendants based on Alford and Headley's "negligent, willful, or malicious

3

failure to properly process, file, or transmit Bailey's release paperwork and [the] court order, proximately causing his imprisonment and detention to continue unlawfully." Am. Compl. ¶ 29, ECF No. 1-2 at 181. The DCS Defendants argue that these claims are barred by state law sovereign immunity.

Georgia has sovereign immunity from actions against it unless Georgia waives that immunity. Ga. Const. art. I, § 2, ¶ IX. The Georgia Tort Claims Act provides a limited waiver of the state's sovereign immunity for torts committed by state employees while acting within the scope of their official duties. O.C.G.A. § 50-21-23(a).[1] Bailey acknowledges that Alford and Headley were acting within the scope of their official duties at the time of the acts and omissions giving rise to this action. Bailey also concedes that the correct party defendant in an action under the Georgia Tort Claims Act is the state government entity for which the state employee was acting, not the state employee individually. *See* O.C.G.A. § 50-21-25(b) (stating that the correct party defendant in an action against the State under the Act is the state government entity and not the individual employee). Accordingly, the Department is the correct defendant for Bailey's state law

---

[1] The Act does not waive sovereign immunity "with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23(b). This action was originally brought in the Superior Court of Muscogee County, and Defendants removed it to this Court. Defendants do not argue that they are entitled to immunity because the action is now pending in federal court.

4

claims arising from the conduct of Alford and Headley. The Court dismisses Bailey's state law claims against Alford and Headley in their individual capacities.

Turning to Bailey's state law claims against the Department, the Department contends that Bailey's "extension of incarceration" claim should be construed as a claim for false imprisonment and that such a claim is excepted from liability under the Georgia Tort Claims Act. The Georgia Tort Claims Act does not waive state law sovereign immunity for false imprisonment claims. O.C.G.A. § 50-21-24(7) ("The state shall have no liability for losses resulting from . . . false imprisonment[.]"). The question for the Court, therefore, is whether Bailey's claim is a "false imprisonment" claim within the meaning of the Georgia Tort Claims Act. When deciding this issue of Georgia law, the Court attempts to ascertain how the Georgia Supreme Court and the Georgia Court of Appeals would rule on the issue. *See, e.g., Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1149 (11th Cir. 2019) (noting that federal courts "are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise") (quoting *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) (per curiam)).

Bailey does not seriously dispute that an *intentional* unlawful extension of his incarceration would be considered "false

5

imprisonment" under Georgia law. Any such claim against the Department is therefore dismissed under the false imprisonment exception to Georgia's sovereign immunity waiver. Bailey does argue that a *negligent* unlawful extension of his incarceration is not "false imprisonment" within the meaning of the Georgia Tort Claims Act. But, as the Department points out, the Georgia Court of Appeals concluded that the Georgia Tort Claims Act's "false imprisonment" exception applied in a case where the Georgia Department of Corrections "negligently extended" a prisoner's incarceration beyond his release date. *Watson v. Georgia Dep't of Corr.*, 645 S.E.2d 629, 631 (Ga. Ct. App. 2007).

Bailey responds that a more recent decision by the Georgia Court of Appeals, *Alred v. Georgia Public Defender Council*, is contrary to *Watson* and saves his "negligent extension of incarceration" claim. 869 S.E.2d 99 (Ga. Ct. App. 2022). In *Alred*, the plaintiff was arrested on a lawfully issued bench warrant after her state-employed public defender negligently failed to inform her that she was required to appear in court. The state argued that the claim against the public defender should be construed as a false imprisonment claim and dismissed under the exception to Georgia's waiver of sovereign immunity. The *Alred* court held that the claim was not for false imprisonment because there was no allegation of an unlawful incarceration as required for a false imprisonment claim since the plaintiff was detained

6

pursuant to a valid bench warrant. *Id.* at 105. The *Alred* court did note that false imprisonment is an intentional tort under Georgia law and that such a claim cannot be supported by allegations of negligence. *Id.* at 105 n.19. But the *Alred* court did not overrule *Watson*. Instead, it distinguished *Watson* because the plaintiff there alleged an unlawful incarceration when he was held beyond the end of his prison sentence. *Id.* at 105 n.20. Even if part of the *Alred* court's rationale undermines the holding in *Watson*, the Georgia Court of Appeals did not overrule *Watson* or explicitly recognize any conflict between *Alred* and *Watson*. Accordingly, the Court finds that *Watson* remains binding Georgia Court of Appeals precedent, and this federal court should follow it unless it finds that the Georgia Supreme Court would be unlikely to do so. *Watson* is directly on point. Under *Watson*, Bailey's claim is barred by the false imprisonment exception to Georgia's sovereign immunity waiver. Bailey's state law "extension of incarceration" claim against the Department is dismissed.[2]

---

[2] Neither side pointed to any Georgia Supreme Court authority, and the Court found no authority, on whether the "false imprisonment" exception to Georgia's waiver of sovereign immunity encompasses a negligence claim arising out of an inmate's continued incarceration despite release orders. If the Court were writing on a blank slate, it might conclude that the negligent extension of incarceration claim is not "false imprisonment" within the meaning of the Georgia Tort Claims Act. When the Georgia General Assembly enacted the Georgia Tort Claims Act in 1992, it was well established under Georgia law that the tort of false imprisonment was an intentional tort that required an "intention of causing a confinement." *Stewart v. Williams*, 255 S.E.2d 699, 701 (Ga. 1979)). There was no "negligent false imprisonment" tort—though an unlawful confinement caused by negligence could give rise to an ordinary

7

**II. Bailey's § 1983 Claims Against the DCS Defendants**

In addition to his state law claims, Bailey asserts claims against the Department, Alford, and Headley under § 1983 for violations of his Fourth, Fourteenth, and Eighth Amendment rights. Bailey concedes that his § 1983 claims against the Department are barred by Eleventh Amendment immunity, so those claims are dismissed. The remaining § 1983 claims are against Alford and Headley in their individual capacities. Alford and Headley argue that they are entitled to qualified immunity on these claims.

"Qualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." *Williams v. Aguirre*, 965 F.3d 1147, 1156 (11th Cir. 2020) (quoting *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019)). Where, as here, it is undisputed that a public official was acting within her discretionary authority at the time of the challenged actions, the plaintiff must show that "qualified immunity is not appropriate." *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019). Public officials are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory

---

negligence claim. *Id.* So, the term "false imprisonment" in the Georgia Tort Claims Act would mean the traditional intentional tort. But, as discussed above, the Georgia Court of Appeals concluded that a negligent extension of incarceration *is* "false imprisonment" within the meaning of the Georgia Tort Claims Act, and this Court should follow that decision in the absence of persuasive evidence that the Georgia Supreme Court would rule otherwise.

8

or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Williams*, 965 F.3d at 1156 (quoting *Dist. of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018)). In determining whether the constitutional right at issue was clearly established when the official acted, courts ask whether "the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Id.* at 1168 (quoting Wesby, 583 U.S. at 63).

In any § 1983 case, the Court must begin its "analysis by identifying 'the precise constitutional violation' the defendant has allegedly committed." *Alcocer v. Mills*, 906 F.3d 944, 952 (11th Cir. 2018) (quoting *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (per curiam)). Here, Bailey alleges that he was initially detained pursuant to a lawful order but that his detention continued unlawfully after a judge ordered his release. Bailey contends that he remained incarcerated because Alford and Headley maliciously or intentionally delayed processing his release paperwork.[3] The Eleventh Circuit has construed such "over-detention" claims as Fourteenth Amendment due process claims. *See West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (per curiam) (categorizing claims by pretrial detainees for "over-detention" as Fourteenth Amendment due process claims). The Court finds

---

[3] Bailey's additional allegation that Alford and Headley negligently failed to process his paperwork does not support a § 1983 claim.

unpersuasive Bailey's contention that the Fourth and Eighth Amendments are also implicated.[4]

Alford and Headley concede that by 2022, it was clearly established that a detainee has a "constitutional right to be free from continued detention after it was . . . known that the detainee was entitled to release."  *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993), *opinion modified on other grounds*, 15 F.3d 1022 (11th Cir. 1994) (per curiam).  To prove such a claim, the plaintiff must show that the officers "acted with deliberate indifference to" the plaintiff's due process rights.  *West*, 496 F.3d at 1327.  To make this showing, a plaintiff must demonstrate that the officers had subjective knowledge that he faced a risk of serious harm and disregarded that risk despite being "actually, subjectively aware that [the officer's] own conduct caused a substantial risk of serious harm to the plaintiff."  *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc).[5]

---

[4] Relying on *Alcocer v. Mills*, Bailey argues that the facts here also support a Fourth Amendment claim.  906 F.3d 944 (11th Cir. 2018).  In *Alcocer*, the plaintiff was entitled to release on bond, but officers allegedly fabricated probable cause for her continued detention based on their unfounded suspicion that she had committed another crime.  Here, in contrast, Bailey does not allege Alford or Headley affirmatively ordered his continued detention without probable cause.  Thus, Bailey does not allege a Fourth Amendment claim against Alford and Headley. Bailey also asserts that he states an Eighth Amendment claim, but he cited no authority clearly establishing an Eighth Amendment claim based on over-detention of a pretrial or probation detainee.

[5] In *Wade*, the Eleventh Circuit clarified the standard for establishing an Eighth Amendment deliberate indifference claim.  106 F.4th at 1262. The standard for "deliberate indifference" under the Fourteenth Amendment is the same as the standard for "deliberate indifference" under

Accepting Bailey's factual allegations as true and drawing all reasonable inferences in Bailey's favor as the Court must do at this stage in the litigation, Bailey alleges that Alford and Headley knew that Bailey was entitled to be released from jail on July 28, 2022. He further alleges that Alford and Headley willfully and maliciously failed to process his release paperwork despite knowing that their failure to do so would cause Bailey's detention to continue past his release date. The Court finds that Bailey alleged enough facts to support the plausible conclusion that Alford and Headley were deliberately indifferent to his constitutional right to be free from continued detention after Alford and Headley knew Bailey was entitled to release. Accordingly, Alford and Headley are not entitled to qualified immunity at this stage in the litigation, and the Court denies their motion for judgment on the pleadings on Bailey's Fourteenth Amendment § 1983 claims.[6]

## CONCLUSION

For the reasons set forth above, the Court grants the present motion for judgment on the pleadings (ECF No. 12) as to all of Bailey's claims against the Department of Community Supervision and all claims against Alford and Headley except Bailey's § 1983

---

the Eighth Amendment. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

[6] If evidence produced during discovery does not support Plaintiff's allegations, then Alford and Headley would be entitled to seek summary judgment based on qualified immunity at that time.

Fourteenth Amendment claim against them in their individual capacities.

IT IS SO ORDERED, this 14th day of October, 2025.

>S/Clay D. Land
>CLAY D. LAND
>U.S. DISTRICT COURT JUDGE
>MIDDLE DISTRICT OF GEORGIA